**ORIGINAL**

1  LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
2  WILLIAM S. LERACH (68581)
   HELEN J. HODGES (131674)
3  DANIEL S. DROSMAN (200643)
   ELLEN GUSIKOFF STEWART (144892)
4  401 B Street, Suite 1700
   San Diego, CA 92101
5  Telephone: 619/231-1058
   619/231-7423 (fax)
6      – and –
   JONATHAN E. BEHAR (174916)
7  355 South Grand Avenue
   Suite 4170
8  Los Angeles, CA 90071
   Telephone: 213/617-9007
9  213/617-9185 (fax)

10 SHALOV STONE & BONNER LLP
   RALPH M. STONE
11 485 Seventh Avenue, Suite 1000
   New York, NY 10018
12 Telephone: 212/239-4340
   212/239-4310 (fax)
13
   Co-Lead Counsel for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT
FEB 18 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ✓
JS-2/JS-3 ___
Scan Only ✓

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re TEAM COMMUNICATIONS GROUP, INC. SECURITIES LITIGATION | Master File No. 01-02312-DDP(SHx) |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| 01-02358-DDP(SHx) 01-02494-DDP(SHx) 01-02564-DDP(SHx) 01-02601-DDP(SHx) 01-02616-DDP(SHx) 01-02737-DDP(SHx) 01-03052-DDP(SHx) | DATE: February 14, 2005 TIME: 10:00 a.m. COURTROOM: The Honorable Dean D. Pregerson |

DOCKETED ON CM
FEB 18 2005
BY _____

23

This matter came before the Court for hearing pursuant to an Order of this Court, dated December 6, 2004, on the application of the parties for approval of the settlement set forth in the Amended Stipulation of Settlement dated as of August 25, 2004 (the "Amended Stipulation"). Due and adequate notice of the settlement having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Amended Stipulation, and all terms used herein shall have the same meanings as set forth in the Amended Stipulation:

(a) "Adversary Action Settlement Amount" means the sum of Four Million Dollars ($4,000,000.00).

(b) "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

(c) "Bankruptcy Court Order" means an Order from the United States Bankruptcy Court for the Central District of California lifting the automatic stay in the Bankruptcy Proceeding, approving the use of insurance proceeds to fund the settlement of the Litigation and approving the settlement of the Adversary Action.

(d) "Claimant" means any Settlement Class Member who has already submitted a Proof of Claim in connection with the settlement documented in the Stipulation.

(e) "Claims Administrator" means the firm of Gilardi & Co. LLC.

(f) "Class" means all Persons who purchased or otherwise acquired Team Communications securities except bonds, warrants and options, during the period November 19, 1999 through March 16, 2001, inclusive. Excluded from the Class are the Defendants, the Trustee, members of the Defendants' immediate families, any entity in which any Defendant or the Trustee has or had a controlling

- 1 -

interest, directors and officers of Team Communications, the Released Persons and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity.

    (g)    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth above.

    (h)    "Class Period" means the period from November 19, 1999 through March 16, 2001, inclusive.

    (i)    "Defendants" means the Class Defendants and the Adversary Action Defendants.

    (j)    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Amended Stipulation have been met and have occurred.

    (k)    "Escrow Agent" means the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

    (l)    "Final" means when the last of the following with respect to this Judgment approving the Amended Stipulation, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Amended Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal in such a manner as to permit the consummation of the settlement in accordance with the terms and conditions of this

1 | Amended Stipulation. With respect to the Bankruptcy Court Order, "final" means
2 | when the last of the following shall occur: the expiration of three (3) business days
3 | after the time to file a motion to alter or amend the Bankruptcy Court Order under
4 | Federal Rule of Bankruptcy Procedure 9023 has passed without any such motion
5 | having been filed; (ii) the expiration of three (3) business days after the time in which
6 | to appeal the Bankruptcy Court Order has passed without any appeal having been
7 | taken (which date shall be deemed to be thirteen (13) days following the entry of this
8 | Judgment, unless the date to take such an appeal shall have been extended by Court
9 | order or otherwise, or unless the thirteenth (13th) day falls on a weekend or a Court
10 | holiday, in which case the date for purposes of the Amended Stipulation shall be
11 | deemed to be the next business day after such thirteenth (13th) day); and (iii) if such
12 | motion to alter or amend is filed or if an appeal is taken, three (3) business days after
13 | the determination of that motion or appeal in such a manner as to permit the
14 | consummation of the settlement in accordance with the terms and conditions of the
15 | Amended Stipulation. For purposes of this definition, an "appeal" shall include any
16 | petition for a writ of certiorari or other writ that may be filed in connection with
17 | approval or disapproval of this settlement, but shall not include any appeal that
18 | concerns only the issue of attorneys' fees and reimbursement of costs and
19 | disbursements awarded to Representative Plaintiffs' Counsel or any Plan of Allocation
20 | of the Settlement Fund, as hereinafter defined.

21     (m)   "Individual Defendants" means Drew S. Levin and Timothy A.
22 | Hill.

23     (n)   "Person" means an individual, corporation, partnership, limited
24 | partnership, association, joint stock company, estate, legal representative, trust,
25 | unincorporated association, government or any political subdivision or agency thereof,
26 | and any business or legal entity and their spouses, heirs, predecessors, successors,
27 | representatives, or assignees.
28

1  (o) "Plaintiffs' Settlement Counsel" means Lerach Coughlin Stoia
2 Geller Rudman & Robbins LLP, Keith F. Park, Ellen Gusikoff Stewart, 401 B Street,
3 Suite 1600, San Diego, CA, 92101, Telephone (619) 231-1058, and Shalov Stone &
4 Bonner LLP, Ralph M. Stone, 485 Seventh Avenue, Suite 1000, New York, NY
5 10018, Telephone: (212) 239-4340.

6  (p) "Plan of Allocation" means a plan or formula of allocation of the
7 Settlement Fund whereby the Settlement Fund shall be distributed to Authorized
8 Claimants after payment of expenses of notice and administration of the settlement,
9 Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may
10 be awarded by the Court. Any plan of allocation is not part of the Amended
11 Stipulation and neither the Class Defendants and their Related Parties nor the Trustee
12 shall have any responsibility or liability with respect thereto.

13  (q) "Related Parties" means each of the Class Defendants' past or
14 present directors, officers, employees, partners, members, principals, agents,
15 underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, law
16 firms, accountants or auditors, banks or investment banks, associates, personal or legal
17 representatives, predecessors, successors, parents, subsidiaries, divisions, joint
18 ventures, assigns, spouses, heirs, related or affiliated entities, Stonefield Josephson,
19 any entity in which any Individual Defendant has a controlling interest, any members
20 of their immediate families, or any trust of which any Individual Defendant is the
21 settlor or which is for the benefit of any Individual Defendant and/or member(s) of his
22 family.

23  (r) "Released Claims" shall collectively mean all claims (including
24 "Unknown Claims" as defined below), demands, rights, liabilities, debts, duties,
25 obligations, acts, omissions, promises, accounts, damages, costs, losses, sums of
26 money, expenses, actions, suits, and causes of action of every nature and description
27 whatsoever, known or unknown, whether or not concealed or hidden, asserted or that
28 might have been asserted, including, without limitation, on a statutory, contract, tort,

or any other theory in law or equity or otherwise, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, or any statutes, rules or regulations of the Federal Republic of Germany or any political subdivision thereof or of any other jurisdiction, domestic or foreign, for compensatory, consequential, exemplary or punitive damages or any other damages or relief whatsoever, whether of a financial nature, or for specific performance, restitution or disgorgement, for injunctive or any other forms of relief (1) by any Representative Plaintiff or Settlement Class Member against one or more of the Defendants and the Related Parties arising out of, based upon or related to both the purchase of Team Communications securities by any Settlement Class Member during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation or by (2) the Trustee based upon, arising out of, or related to any of the matters which were or could have been alleged in the Adversary Action, or both. Released Claims includes any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation; provided, however, that this release shall not in any way impair or restrict the rights of the Settling Parties to enforce the terms of the Settlement as set forth in the Amended Stipulation.

  (s) "Released Persons" means each and all of the Defendants and the Related Parties.

  (t) "Representative Plaintiffs" means each of the plaintiffs who filed a complaint in the Litigation.

  (u) "Representative Plaintiffs' Counsel" means counsel who have appeared for any of the Representative Plaintiffs in the Litigation.

  (v) "Settlement Amount" means the principal amount of Twelve Million Seven Hundred Thousands Dollars ($12,700,000.00).

1        (w)    "Settlement Class" or "Settlement Class Member" consists of or means any Class Member who has not requested exclusion from the Class as defined above.

        (x)    "Settling Parties" means, collectively, each of the Defendants, the Trustee, and the Representative Plaintiffs on behalf of themselves and the members of the Settlement Class.

        (y)    "Trustee" means Richard K. Diamond, in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Team Communications Group, Inc.

        (z)    "Unknown Claims" means any Released Claims which any Representative Plaintiff, Settlement Class Member or the Trustee on behalf of the Team Communications bankruptcy estate does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Representative Plaintiffs and the Trustee on behalf of the Team Communications bankruptcy estate shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Representative Plaintiffs and the Trustee on behalf of the Team Communications bankruptcy estate, shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of

-6-

1  the United States or any law of the Federal Republic of Germany or any political
2  subdivision thereof or of any other jurisdiction, domestic or foreign, or principle of
3  common law, which is similar, comparable or equivalent to California Civil Code
4  §1542. The Representative Plaintiffs, the Trustee on behalf of the Team
5  Communications bankruptcy estate and Settlement Class Members may hereafter
6  discover facts in addition to or different from those which he, she or it now knows or
7  believes to be true with respect to the subject matter of the Released Claims, but each
8  Representative Plaintiff and the Trustee, on behalf of the Team Communications
9  bankruptcy estate, shall expressly and each Settlement Class Member, upon the
10 Effective Date, shall be deemed to have, and by operation of the Judgment shall have,
11 fully, finally, and forever settled and released any and all Released Claims, known or
12 unknown, suspected or unsuspected, contingent or non-contingent, whether or not
13 concealed or hidden, which now exist, or heretofore have existed, upon any theory of
14 law or equity now existing or coming into existence in the future, including, but not
15 limited to, conduct which is negligent, intentional, with or without malice, or a breach
16 of any duty, law or rule, without regard to the subsequent discovery or existence of
17 such different or additional facts. The Representative Plaintiffs and the Trustee
18 acknowledge, and the Settlement Class Members shall be deemed by operation of the
19 Judgment to have acknowledged, that the foregoing waiver was separately bargained
20 for and a key element of the settlement of which this release is a part.

21     2. This Court has jurisdiction over the subject matter of the Litigation, the
22 Adversary Action and over all parties to the Litigation and the Adversary Action,
23 including all Members of the Class.

24     3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court
25 has certified a Settlement Class of all Persons who purchased or otherwise acquired
26 Team Communications Group, Inc. securities, except bonds, warrants or options,
27 during the period November 19, 1999 through March 16, 2001, inclusive. Excluded
28 from the Class are the Defendants, the Trustee, members of the Defendants' immediate

families, any entity in which any Individual Defendant or the Trustee has or had a controlling interest, directors and officers of Team Communications, the Released Persons, and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity.

4. With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Representative Plaintiffs are typical of the claims of the Class; (d) the Representative Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Amended Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the class action and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Representative Plaintiffs and the other members of the Settlement Class, and as against all Defendants and the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Amended Stipulation.

7.  The Court finds that the Amended Stipulation and settlement contained therein is fair, reasonable, adequate and in good faith as to each of the Settling Parties, and that the Amended Stipulation and settlement contained therein is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8.  Upon the Effective Date hereof, the Representative Plaintiffs, the Trustee, as of receipt of the Adversary Action Settlement Amount, on behalf of the Team Communications bankruptcy estate and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

9.  All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

10. All claims against any Released Person sounding in contribution, or equitable indemnification arising out of or concerning the Litigation or the claims asserted or that could have been asserted in the Litigation, by any Person (other than a Defendant or his or its assign or subrogee) against any Released Person, are hereby forever barred, enjoined or discharged. Nothing herein or in the Amended Stipulation shall be deemed to have effected a release by any Defendant or his or its assign or subrogee of any claim or right he or it may have against any other Released Person.

11. Upon the Effective Date hereto, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Representative Plaintiffs and the Trustee and his counsel and the Team Communications bankruptcy estate and all the Insurers and their respective counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, defense, assertion, settlement or resolution of the Litigation, the Adversary Action or the Released

Claims, or the handling of any claim for coverage under any policy of insurance issued by any of the Insurers.

12. The notice of the settlement given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Amended Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

13. Any Plan of Allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

14. Neither the Amended Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Amended Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants or the Related Parties may file the Amended Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and

any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Amended Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the settlement does not become effective in accordance with the terms of the Amended Stipulation or in the event that the Settlement Fund is returned to the Individual Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Amended Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Amended Stipulation.

IT IS SO ORDERED.

DATED: 2-18-05

THE HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

S:\Settlement\TeamComm.set\JGT00017869.doc

- 11 -

SCANNED

Team Communications Securities Litigation
Claims Administrator
C/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
USA

Dear Ladies and Gentlemen,

I am a shareholder of the Teams Communications Group. I wish to be excluded from the Class.

Following is my personal data, along with the information, pertaining to the dates of the Team Communications Group shares purchase.

Personal Data:

| | |
|---|---|
| Name: | Joachim Kulinsky |
| Street: | Schwabenstrasse 9 |
| City | Uhingen |
| Zip: | 73066 |
| Land: | Germany |
| E-mail Address: | joachim@kulinksy.de |
| Phone: | (work) 07162 17246 |
| | (home) 07161 15349 |

Purchase Dates:

All purchases were made through the Hypovereinsbank in Stuttgart. The trades were always executed in Frankfurt.

| Purchase Date | Order Confirmation Number | Number of Shares | Price per Share | Total Cost |
|---|---|---|---|---|
| 03/10/00 | 1726412 | 250 | 13.90 Euro | 3,475 Euro |
| 04/27/00 | 2417775 | 120 | 15.00 Euro | 1,800 Euro |
| 05/12/00 | 2567951 | 310 | 12.85 Euro | 3,983.5 Euro |
| 06/14/00 | 2864506 | 320 | 10.00 Euro | 3,200 Euro |
| 11/07/00 | 7983750 | 1000 | 5.80 Euro | 5,800 Euro |

Sincerely,

Joachim Kulinsky

**Exhibit 1**

-12

*Exclusion.*

**RECEIVED RJD**

**JUL 0 3 2002**

**CLAIMS CENTER**

SCANNED

*Team Communications Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
USA

Sehr geehrte Damen und Herren,

ich befinde mich im Besitz von Aktien der TEAM COMMUNICATIONS GROUP. **Ich wünsche und beantrage hiermit den AUSSCHLUSS aus der VERLEICHSGRUPPE.**

Nachfolgend meine persönlichen und die Daten über die Käufe der Wertpapiere der TEAM COMMUNICATIONS GROUP.

**Persönliche Daten:**

Name: Joachim Kulinsky
Strasse: Schwabenstrasse 9
Stadt: Uhingen
Postleitzahl: 73066
Land: Deutschland
e-mail Adresse: joachim@kulinsky.de
Telefonnummer: 07162 17246 (Arbeitsstelle)
07161 15349 (Privat)

**Kaufdaten:**

Sämtliche Käufe wurden über die Hypovereinsbank in Stuttgart durchgeführt. Der Ausführungsort war stets FRANKFURT.

| Kaufdatum | Ordernummer | Anzahl der Wertpapiere | Einzelpreis pro Aktie | Gesamtpreis |
|---|---|---|---|---|
| 10.03.2000 | 1726412 | 250 | 13,90 Euro | 3475,00 Euro |
| 27.04.2000 | 2417775 | 120 | 15,00 Euro | 1800,00 Euro |
| 12.05.2000 | 2567951 | 310 | 12,85 Euro | 3983,50 Euro |
| 14.06.2000 | 2864506 | 320 | 10,00 Euro | 3200,00 Euro |
| 07.11.2000 | 7983750 | 1000 | 5,80 Euro | 5800,00 Euro |

Mit freundlichen Grüssen

*[signature]*

-13-




Joachim Alinsky
Studlerstr. 9
73066 Uhingen
— Germany —

-14-

## DECLARATION OF SERVICE BY UPS DELIVERY

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2. That on February 4, 2005, declarant served by UPS, next day delivery, the **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of February, 2005, at San Diego, California.

_____
YVETTE D. GRAY

-15-

**Counsel For Defendant(s)**

Terry W. Bird
Bird, Marella, Boxer & Wolpert, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
   310/201-2100
   310/201-2110(Fax)

Peter F. Lovato
Boundas, Skarzynski, Walsh & Black
200 East Randolph Drive, Suite 7200
Chicago, IL 60601
   312/946-4200

Terry N. Christensen
Peter C. Sheridan
Mark I. Labaton
Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
   310/553-3000
   310/556-2920(Fax)

Howard Kollitz
Uzzi O. Raanan
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067-2904
   310/277-0077
   310/277-5735(Fax)

Michael J. Leahy
Haight Brown & Bonesteel LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574
   310/215-7100
   310/215-7300(Fax)

Wayne E. Borgeest
Kaufman, Borgeest & Ryan
200 Summit Lake Drive
Valhalla, NY 10595
   914/741-6100
   914/741-0025(Fax)

Steven O. Kramer
Mayer, Brown, Rowe & Maw LLP
350 South Grand Avenue, Suite 2500
Los Angeles, CA 90071-1503
   213/229-9500
   213/625-0248(Fax)

Michael S. Loeffler
Meckler Bulger & Tilson
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
   312/474-7900
   312/474-7898(Fax)

TEAM COMMUNICATIONS (Settlement)
Service List - 2/3/2005    (201-066S)
Page 2 of 2

**Counsel For Plaintiff(s)**

William S. Lerach
Helen J. Hodges
Keith F. Park
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA  92101-4297
   619/231-1058
   619/231-7423(Fax)

Robert C. Susser    *
Robert C. Susser, P.C.
6 East 43rd Street, Suite 1900
New York, NY  10017-4609
   212/808-0298
   212/949-0966(Fax)

Klaus Rotter    *
Bernd Jochem
Rotter Rechtsanwalte
Bavariafilmplatz 3, 82031 Grunwald
Germany,

Ralph M. Stone
Shalov Stone & Bonner LLP
485 Seventh Avenue, Suite 1000
New York, NY  10018
   212/239-4340
   212/239-4310(Fax)

\*   Denotes Service Via Regular Mail